UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND, and
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENTAND SAVINGS PLAN,

                                                            Civ. Action No. 19-cv-2198

                            Plaintiffs,

          -against-                                        COMPLAINT

TSI2, INC. p/k/a TRITON SECURITY, INC.,
SECURAMERICA, LLC, and
J. MICHAEL FINGERHUT

                            Defendants.
-------------------------------------------------------------------------X

        Building Service 32BJ Health Fund ("Health Fund") and Building Service 32BJ Supplemental Retirement and Savings Plan ("SRSP Fund"), collectively referred to herein as the "Funds", as and for their Complaint against TSI2, Inc. p/k/a Triton Security, Inc., SecurAmerica, LLC and J. Michael Fingerhut (collectively the "Defendants"), respectfully allege as follows:

## NATURE OF ACTION

        1.       This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund and an employee annuity benefit fund, for contractual and other equitable relief under ERISA to secure performance by Defendants of specific statutory and contractual obligations to pay the required monetary contributions to the Funds by electronic transfer as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due as per the Funds' rules and regulations, Defendants violated the collective bargaining

agreement, the trust agreements of the Funds, the rules and regulations of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, inter alia, to receive contributions from

employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits and supplemental retirement and savings benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant TSI2, Inc. was, and continues to be, a Virginia for-profit corporation, having a principal place of business at 3702 Pender Drive, Suite 220, City and County of Fairfax, State of Virginia, 22030, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, at all times material hereto Defendant SecurAmerica, LLC. was, and continues to be, a Georgia for-profit corporation, having a principal place of business at 3343 Peachtree Road NE, Suite 710, Atlanta, GA 30326, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

8. Upon information and belief, at all times material hereto J. Michael Fingerhut

was, and continues to be, the Sole Director, Sole Shareholder, and President of Defendant TSI2, Inc.

9. Upon information and belief, at all times relevant TSI2, Inc. was and is party to Agreements with the Union requiring that contributions be made to the Funds on behalf of employees employed by employer at, *inter alia,* the following locations in the Washington, DC metropolitan area: 1310 G Street NW; 425 3rd Street SW; 2033 K Street NW; 1899 L Street; 1001 G Street NW; 1301 Pennsylvania Ave. NW; 700 13th Street NW; 529 14th Street NW; 1331 Pennsylvania Ave NW; 1111 15th Street NW; 4747 S Broad St; 1300 L Street NW; 601 New Jersey Ave.; 1133 15th Street NW, and 777 6th Street NW (the "DC Locations").

10. Upon information and belief, sometime in August 2018 Defendant SecurAmerica LLC assumed the obligations under the Agreement at the DC Locations when it purchased certain assets of TSI2, Inc.

11. Upon information and belief, TSI2, Inc. distributed the proceeds of the sale to sole shareholder J. Michael Fingerhut despite the fact that there remained outstanding employee benefit contributions owed to the Funds.

12. Upon information and belief, the decision to distribute the proceeds to the Sole Shareholder was made by the Sole Director of TSI2, Inc., J. Michael Fingerhut.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

13. The Funds repeat and reallege each allegation set forth in paragraphs 1 through 12 as if fully set forth herein.

14. The Agreement requires the Defendants to periodically contribute sums of money to the Funds to provide covered employees with health insurance, annuities and other benefits.

15. Pursuant to the Agreement, there became due and owing to the Funds from

Defendants benefit contributions from January 1, 2015 through May 31, 2018.

16. The Defendants have fallen delinquent in their contributions owed to the Funds, although all contributions have been duly demanded and the Funds have been damaged in the amount to be determined.

17. For the period January 1, 2015 through May 31, 2018, Defendants failed to pay the Funds no less than $47,631.13 in required contributions, in violation of the Agreement.

18. The failure, refusal or neglect of Defendants to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreement between Defendants and the Union with respect to the Funds as third-party beneficiaries

19. Accordingly, Defendants are liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendants, plus interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreement.

22. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

23. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiffs, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

24. For the period January 1, 2015 through May 31, 2018, Defendants failed to pay to the Funds no less than $47,631.13 in required contributions, in violation of ERISA.

25. Accordingly, Defendants are liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
## (UNLAWFUL DISTRIBUTION)

26. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27. Upon information and belief, J. Michael Fingerhut is the Sole Director of TSI2, Inc., as well as the Sole Shareholder.

28. Upon information and belief, J. Michael Finegrhut, as Sole Director, impermissibly distributed the assets of TSI2, Inc. to himself despite the fact that unpaid employee benefit contributions were owed to the Funds.

29. Under § 13.1-692 of the Virginia Code, a Director who votes for an unlawful

distribution is personally liable to creditors for the amount of the distribution that exceeds what could have been distributed lawfully.

30. As Sole Director, by distributing the assets to himself without payment of the unpaid employee benefit contributions, Defendant Fingerhut is liable to the Funds under § 13.1-692 for the unpaid contributions, the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Funds demand judgment:

a. against Defendants for payment of all past due contributions to date, in an amount of not less than $47,631.13,

b. against Defendants for payment of all contributions which become due during the pendency of this action in accordance with ERISA § 502(g)(2) and the Agreement,

c. against Defendants for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and the Agreement,

d. against Defendants for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

e. for such other and further relief as the Court deems just and proper.

Dated:  Fort Lee, New Jersey
        March 11, 2019

Raab, Sturm & Ganchrow, LLP

By: _____
Samuel R. Bloom (SB1988)
Attorneys for Plaintiffs Funds
2125 Center Avenue
Suite 100
Fort Lee, New Jersey

(Tel) 201-292-0150
(Fax) 201-292-0152